UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE ROYAL ALICE PROPERTIES, LLC | CIVIL ACTION<br><br>NO. 25-1393<br><br>SECTION "R" |

**ORDER AND REASONS**

Before the Court is Arrowhead Capital Finance, Ltd.'s (Arrowhead) motion to vacate the Bankruptcy Court's order staying the enforcement of the Bankruptcy Court's final judgment pending the exhaustion of all appeals in the Fifth Circuit.[1] Royal Street Bistro, LLC (RSB) and Picture Pro, LLC (Picture Pro) oppose the motion to vacate.[2] For the following reasons, the Court denies the motion to vacate.

**I.　BACKGROUND**

This action arises out of adversary bankruptcy proceedings in the United States Bankruptcy Court for the Eastern District of Louisiana. On August 29, 2024, the Bankruptcy Court entered a final judgment in favor of

---

[1]　R. Doc. 1-1, at 2.
[2]　R. Doc. 4.

Arrowhead against Picture Pro and RSB in the total amount of $233,548.51.[3] Picture Pro and RSB appealed the final judgment, ultimately to the Fifth Circuit Court of Appeals.[4] Arrowhead moved to dismiss Picture Pro as a party from the appeal in the Fifth Circuit because Picture Pro failed to pay sanctions ordered by the Ninth Circuit Court of Appeals in a separate case. The Fifth Circuit granted the motion to dismiss Picture Pro as a party to the Fifth Circuit appeal on January 7, 2025.[5] On June 5, 2025, a Fifth Circuit panel heard RSB's appeal.[6] The Fifth Circuit has not yet issued a decision.

Proceedings in this matter simultaneously continued in Bankruptcy Court. On March 12, 2025, on motion from Picture Pro and RSB, the Bankruptcy Court accepted a $150,000 payment from Picture Pro in the registry of the Court as a security to stay enforcement of the final judgment the Bankruptcy Court issued on August 29, 2024.[7] The Bankruptcy Court issued a stay pending RSB and Picture Pro's appeal being exhausted in the Fifth Circuit.

---

[3]     *See* R. Doc. 1-1.
[4]     *In re Royal Alice Properties*, 5th Cir., No 24-30752, R. Doc. 31-1, at 14.
[5]     *Id.*, R. Doc. 30-1.
[6]     As Picture Pro and RSB appealed together and the Fifth Circuit dismissed Picture Pro as a party to the appeal, RSB was the only remaining appellant at oral arguments.
[7]     *Id.*, R. Doc. 274, at 20.

On May 30, 2025, Arrowhead moved the Bankruptcy Court to vacate the stay of discovery and enforcement pending appeal and requested the Bankruptcy Court pay the $150,000 deposited by Picture Pro to Arrowhead.[8] On June 24, 2025, the Bankruptcy Court denied Arrowhead's motion to vacate the stay pending the exhaustion of RSB and Picture Pro's appeal in the Fifth Circuit and denied the request for the payment of the deposit to Arrowhead.[9]

Arrowhead now appeals to this Court the Bankruptcy Court's denial of the motion to vacate the stay and pay the deposit to Arrowhead.[10] Picture Pro and RSB oppose vacating the stay pending appeal and oppose paying Arrowhead the deposit pending the appeal in the Fifth Circuit.[11]

The Court considers the arguments below.

## II.   LEGAL STANDARD

In reviewing bankruptcy-court decisions, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal. *Matter of Webb*, 954 F.2d 1102, 1103–04 (5th Cir.

---

[8]   *Id.*, R. Doc. 288.
[9]   R. Doc. 1-1, at 2.
[10]  R. Doc. 1.
[11]  R. Doc. 4.

1992). An appeal of right lies from "'final judgments, orders, and decrees' entered by bankruptcy courts in 'cases and proceedings.'" *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 39 (2020). Orders in bankruptcy proceedings are immediately appealable if they finally dispose of discrete disputes. *Id.*

In adversary bankruptcy proceedings, Federal Rule of Civil Procedure 62 applies. *See* Fed. R. Bankr. P. 7062. Federal Rule of Civil Procedure 62(d), applicable to bankruptcy cases under Bankruptcy Rules 7062 and 9014, requires the court to stay an order pending appeal if the appellant gives sufficient monetary security in the form of a bond or other security. *See also* Fed. R. Bankr. P. 8007(c) (stay pending appeal may be conditioned upon filing of bond or other security); Fed. R. App. P. 8 (same). An appellant need not show irreparable injury or probable success on the merits to obtain a stay pending appeal if a proper bond or security is posted. *Id.*; *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 ("Rule 62 entitles a party appealing a money judgment to an automatic stay upon posting a supersedeas bond.").

### III. DISCUSSION

For this Court to exercise appellate jurisdiction, it must first determine whether the bankruptcy court's order staying the case was a final appealable

judgment. Here, the denial of the motion to lift the stay was a final order. An "adjudication of a motion for relief from the automatic stay forms a discrete procedural unit" in a bankruptcy case which "yields a final, appealable order when the bankruptcy court unreservedly grants or denies relief." *Ritzen Group, Inc.* 589 U.S. at 37-38 (holding that a bankruptcy court's order denying relief from the automatic stay constitutes a final, immediately appealable order). The denial of the vacating of the stay here is therefore an appealable order, as the appropriate procedural unit in this case "is the adjudication of the motion for relief" from the stay. *Id.*; *see also Bullard v. Blue Hills Bank*, 575 U.S. 496, 501-02 (2015) (noting that orders in bankruptcy cases are immediately appealable if they finally dispose of "discrete disputes" within the larger case and that the "current bankruptcy appeals statute" authorizes appeals as of right from "final judgments, orders, and decrees . . . in cases and proceedings") (citing *Howard Delivery Services, Inc. v. Zurich American Ins. Co.*, 547 U.S. 651, 657 n.3 (2006); then 28 U.S.C. § 158).

This Court reviews the Bankruptcy Court's decision to grant or deny a stay pending appeal for abuse of discretion. *See Moore v. Tangipahoa Par. Sch. Bd.*, 507 F. App'x 389, 392 (5th Cir. 2013); *see also In re First South Savings Ass'n*, 820 F.2d 700, 709 (5th Cir. 1987). Here, the Bankruptcy

5

Court did not abuse its discretion in granting a stay pending appeal as to both RSB and Picture Pro.  Under Bankruptcy Rules 7062 and 9014, the Bankruptcy Court was required to stay the order pending appeal after RSB and Picture Pro deposited sufficient monetary security with the Court.  The Bankruptcy Court did not abuse its discretion in determining that the $150,000 cash deposit was sufficient security, as the entire dispute concerns only $233,548.51.[12]  *See, e.g., Ruff v. Ruff*, 2023 WL 2574021 (E.D. Tex. 2023) ("The form, the amount and the sufficiency of that security are generally matters within the discretion of and for determination by the bankruptcy court.") (citing *In re Gleasman*, 111 B.R. 595, 602 (Bankr. W.D. Tex. 1990)); s*ee also In re Pine Lake Vill. Apartment Co.*, 21 B.R. 395, 398 (S.D.N.Y. 1982) (noting that "the bankruptcy judge's decision concerning the need for, and appropriate amount of the bond is entitled to considerable weight").

While the Fifth Circuit subsequently dismissed Picture Pro from the appeal on other grounds, the appeal, which remains active because of RSB, challenges whether the Bankruptcy Court had subject matter jurisdiction to issue the final judgment.  RSB and Picture Pro maintain that a Fifth Circuit decision in RSB's favor as to subject matter jurisdiction would be valid as to

---

[12]    *See* R. Doc. 1-1.

Picture Pro despite Picture Pro's dismissal as a party to the Fifth Circuit appeal.

The Bankruptcy Court did not abuse its discretion in denying the motion to vacate the stay as to both parties pending the Fifth Circuit appeal.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Arrowhead's appeal of the Bankruptcy Court's denial of the motion to stay enforcement and DENIES Arrowhead's request to pay Arrowhead the $150,000 deposit.

New Orleans, Louisiana, this 19th day of September, 2025.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE